UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOBBY LAYTHEN BINFORD,

        Plaintiff,

    v.

TERRY BENDA, *et al*,

        Defendants.

Case No.  C06-5364RBL-KLS

ORDER REGARDING PLAINTIFF'S MOTION TO ENFORCE SUBPOENA

       This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion to enforce a subpoena against Tommy D. Dacus. (Dkt. #20)  After reviewing plaintiff's motion, defendants' response thereto, and the balance of the record, the Court finds and orders as follows:

       In his motion, plaintiff states he has a substantial need for the testimony and deposition of Tommy D. Dacus, a non-party to this action.  He states that while defendants' counsel objected to permitting the deposition of Mr. Dacus without the subpoena being signed by the Court, defendants' counsel agreed to attempt service on Mr. Dacus once the subpoena had been so signed.  In addition, plaintiff has attached to his motion a copy of the subpoena he wishes to have served on Mr. Dacus.  It also appears that plaintiff is asking the Court to make certain modifications to the language of his attached subpoena. <u>See</u> Proposed Order Granting Motion to Serve Subpoena on Tommy D. Dacus (Dkt. #20).  Defendants state they have

1 no objection to the issuance of a subpoena to Mr. Dacus for the purpose of deposing him.

2 Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45 provides in relevant part that a subpoena must issue "for attendance at a deposition, from the court for the district where the deposition is to be taken." Fed. R. Civ. P. 45(a)(2)(B).  That rule further provides in relevant part that "[t]he Clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall completed it before service." Fed. R. Civ. P. 45(a)(3).  As such, Fed. R. Civ. P. 45 requires that the subpoena to be issued by the Clerk be in blank form, and that the party requesting it shall then complete it prior to service.

Accordingly, the Court will not sign for service the particular subpoena plaintiff has attached to his motion, nor will it modify that subpoena as plaintiff requests.  Rather, plaintiff's motion to enforce subpoena against Tommy D. Dacus (Dkt. #20) hereby is GRANTED, to the extent that the Clerk shall issue a subpoena, signed but otherwise in blank form, to plaintiff, who shall complete it and arrange for service on Mr. Dacus.  Indeed, it appears the parties have agreed on the manner of service to be attempted on Mr. Dacus, and therefore an order so directing the parties is unnecessary.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 1st day of March, 2007.

Karen L. Strombom
United States Magistrate Judge